DANIEL FRENCH AND JAMES G. SWISHER VS. JAMES WALL — Appeal from Travis County.

Where the existence of a partnership and the adjustment of the partnership accounts are submitted to a jury, and their finding, on the issues presented to them, is supported by the evidence, the verdict and judgment will not be disturbed.

The appellee, the plaintiff in the court below, filed his petition, stating that he and the appellant, French, had formed a

copartnership for the purpose of doing such labor as they or either of them might bargain for or procure; that under such connection they had performed work and labor to the amount [289] of about nine hundred dollars, which, according to the terms of their partnership, should be equally divided between them; that the said French had collected and appropriated to his own use the greater part of the debts due them jointly, except a debt due from James G. Swisher. He prayed that French might be compelled to answer under oath and make a fair and equitable settlement, etc. He further prayed that Swisher might be enjoined from paying over the said debt to French until the final hearing of the cause, etc.

French answered under oath, admitting that he had agreed to form a partnership with the plaintiff, on the faith of certain representations made to him by the latter which turned out to be untrue, and he therefore considered himself absolved from the obligation. He denied that any partnership had ever in fact existed.

The defendant, Swisher, in his answer, stated that he had contracted with French to build a stable, and had paid him part of the money due therefor, leaving about two hundred and eight dollars still due and unpaid. That, although his contract was made with French alone, he had understood from some person, but did not recollect whether from Wall or French, that they were to build the stable together as partners.

The jury found that Wall and French were partners, and rendered a verdict in favor of the former for fifty dollars, upon which judgment was entered. There was a motion for a new trial; overruled. The defendant thereupon appealed.

The record contains a statement of facts substantially as follows: "The plaintiff proved by three witnesses that the defendant said that he and the plaintiff were in partnership; that the contract for building the stable was made with defendant, but that the plaintiff was instrumental in procuring the job. That the plaintiff worked with the defendant in getting out boards and timber about two or three weeks and then left and did not do any more work on the stable; [290] that the

plaintiff employed a hand after his return to work on the stable, but the defendant refused to let him work, stating that he and the plaintiff were not in partnership; that the defendant employed and paid one of the hands that worked on the stable. There was no proof as to any amount of profits arising from the building of the stable or any other account; the defendant told the plaintiff he must furnish one-half of the tools if he intended to be in partnership with him, which the plaintiff failed to do. Thirty dollars were paid the plaintiff for getting out shingles, which the defendant consented to, stating that they were in partnership," etc.

*Fisk*, for appellants.

*Lee*, for appellee.

Mr. Chief Justice HEMPHILL delivered the opinion of the court.

We see no error in the judgment of the court below. The existence of the partnership and the adjustment of the accounts were submitted to a jury and their finding on the issues presented to them is supported by the evidence in the cause.

The injunction in the cause should have been dissolved.

It is ordered, adjudged and decreed that the judgment of the court below be affirmed.

And it is further ordered, adjudged and decreed that the injunction restraining James G. Swisher, one of the defendants, from paying certain moneys, in the proceedings mentioned, to Daniel French, one of the copartners, be and the same is hereby dissolved.

---

[291] JOHN WAHRENBERGER vs. JOHN HORAN —Writ of Error from Travis County. .

Where suit was brought before a justice of the peace on a promissory note, and the defendant confessed judgment and appealed to the district. court, where the appeal was dismissed and a *procedendo* awarded: *Held*, that such judgment was erroneous, under the 58th section of the act of 1846, " to regulate proceedings in the district courts."